UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDWARD BRIGHT,
Petitioner,

v.

STEVENS SHIPPING & TERMINAL

No. 96-2484

COMPANY; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(No. BRB-95-0992)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Paul Gibson, Allison A. Stover, RIESEN LAW FIRM, L.L.P., N.
Charleston, South Carolina, for Petitioner. Bert G. Utsey, III, Joseph
D. Thompson, III, SINKLER & BOYD, P.A., Charleston, South Car-
olina, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward Bright appeals from the summary affirmance by the Benefits Review Board ("BRB") of the Administrative Law Judge's ("ALJ") denial of benefits under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C.A.§§ 901 to 950 (West 1986 & Supp. 1996).* The ALJ denied Bright's claim for permanent partial disability, and Bright appeals. Because the ALJ's decision was supported by substantial evidence, we affirm.

A claimant seeking disability benefits under the Act must establish his inability to return to his former employment. See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994). Bright worked as a longshoreman for twenty years. He injured his back on August 2, 1992, when he fell backwards onto a "peg eye." He returned to work on March 7, 1993, performing light duty until June 1993. He then stopped working, claiming that he was unable to return to longshore duty because of pain and numbness in his back and leg.

From 1992 through 1994, Bright was examined by five doctors: Dr. Steven Poletti, an orthopaedic surgeon; Dr. John Davis; Dr. Gregory Jones, a physical medicine and rehabilitation specialist; Dr. Marilyn Schimenti, a medical disability consultant; and Dr. James Aymond, an orthopaedic surgeon. Dr. Poletti, Bright's primary treating physician,

_____

*The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provisions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for one year by September 12, 1996. Because Bright's appeal met these criteria, the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in the court of appeals.

2

concluded that Bright had incurred a "minor injury," and both he and Dr. Aymond noted that there was no objective physical evidence to support a finding that Bright was unable to return to his duties as a longshoreman. Dr. Aymond further found that Bright's complaints of pain were not supported by the radiographic and physical findings. Nevertheless, in response to a questionnaire by a rehabilitation specialist, Dr. Aymond stated that, although Bright was cleared for "restrictive duty" longshore work, he was not approved for regular duty longshore work due to the difficulty of the lifting involved.

Although Dr. Jones concluded that Bright suffered from a lumbar spine impairment, he stated that the impairment would not prevent Bright from working. However, neither Dr. Jones nor Dr. Davis discussed whether Bright could return to longshore work specifically. Finally, Dr. Schimenti concluded that Bright was permanently and totally disabled from performing longshore work.

In finding Bright able to work, the ALJ discredited only two items of evidence: Dr. Schimenti's opinion that Bright was permanently and totally disabled and Dr. Aymond's statement that Bright could not return to regular longshore duty. The ALJ discredited Dr. Schimenti, because while both she and Dr. Aymond examined Bright for disability assessment rather than treatment purposes, Dr. Aymond's opinion was corroborated by Dr. Poletti. Dr. Schimenti, on the other hand, was the lone doctor concluding that Bright was totally disabled. We must defer to the ALJ's credibility determinations and inferences from the evidence. See, 36 F.3d at 380.

Next, the ALJ discredited Dr. Aymond's statement to the rehabilitation specialist, because this conclusory statement directly contradicted Dr. Aymond's medically supported report finding "no impairment rating" and releasing Bright for longshoreman duties. Further, in his statement to the rehabilitation specialist, Dr. Aymond specifically cleared Bright for "restrictive duty" longshore work. Because the information Dr. Aymond provided on the rehabilitation specialist's form conflicted with his own examination notes and medical reports, the ALJ's decision to discredit the information on the form was not "inherently incredible or patently unreasonable." Cordero v. Triple A Mach. Shop, 580 F.2d 1331, 1335 (9th Cir. 1978) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 402 (1971)

3

(holding that medical testimony was substantial evidence for administrative finding of nondisability, despite presence of opposing medical testimony and claimant's testimony).

The medical evidence provided in the examination notes and medical reports of Drs. Poletti and Aymond constituted more than substantial evidence to support the ALJ's finding that Bright is not permanently disabled. <u>See</u> 36 F.3d at 380 (standard of review). Accordingly, we need not address Bright's claim regarding wage-earning capacity, and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4